UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE LUIS MEJIA LOPEZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　　Respondents. | Case No. 2:26-cv-00228-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.　INTRODUCTION AND BACKGROUND

Petitioner Jose Luis Mejia Lopez is a Mexican citizen who entered the United States without inspection over two decades ago. Dkt. 1 ¶ 18; Dkt. 10 ¶ 3; Dkt. 11-1 at 2; Dkt. 11-2 at 2. He is the father to four U.S. citizen children between the ages of five and fifteen, and he is "the primary financial provider and caretaker of his family." Dkt. 1 ¶¶ 19–20; *see* Dkt. 11-2 at 4. In his time in the United States, he has had one documented encounter with law enforcement, after which he pled guilty to harassment and received a fine and 18 months' probation. Dkt. 10 ¶ 7; Dkt. 11-2 at 3. From his entry in 2005 until November 2025, there is no indication that he had any interactions with immigration enforcement officers. *See* Dkt. 11-2 at 3.

On November 16, 2025, immigration officers arrested Mejia Lopez and transferred him to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in

Tacoma, Washington, where he remains detained. Dkt. 1 ¶¶ 5, 12–13; Dkt. 10 ¶¶ 4–6; Dkt. 11-2 at 3. Since his arrival at NWIPC, he has not received a custody redetermination hearing before an Immigration Judge ("IJ"), as the government has determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 1 ¶ 61; Dkt. 9 at 4–7; Dkt. 10 ¶ 9.

On January 21, 2026, Mejia Lopez filed a petition for writ of habeas corpus, arguing (1) that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a), and (2) that his inability to receive a bond hearing violates his due process rights. Dkt. 1 ¶¶ 28–65, 100–01. On February 5, Federal Respondents filed a return to the habeas petition, along with a declaration by Deportation Officer Rita Soraghan and copies of Mejia Lopez's immigration records. Dkts. 9–11-2. Mejia Lopez filed a traverse the next day. Dkt. 12. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

On November 25, 2025, in *Maldonado Bautista v. Santacruz*, the U.S. District Court for the Central District of California certified a Bond Eligible Class, comprised of the following individuals:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The court then granted declaratory relief to members of the Bond Eligible Class and vacated a Department of Homeland Security policy requiring Immigration and Customs Enforcement agents to treat every person who entered the United States without inspection as "seeking admission" under 8 U.S.C. § 1225(b)(2) and thereby subject to mandatory detention. *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ----, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Relying on *Maldonado Bautista* and *Rodriguez Vazquez*, Mejia Lopez argues that he is entitled to consideration for release on bond under § 1226(a). Dkt. 1 ¶¶ 31–56, 63–65, 100–01; Dkt 12 at 6–7. Federal Respondents "acknowledge" the *Maldonado Bautista* and *Rodriguez Vazquez* decisions, and they do not expressly dispute that Mejia Lopez is a member of either the Bond Denial Class or the Bond Eligible Class. Dkt. 9 at 5–6. Still, they raise several arguments against granting habeas relief in this case. *Id.* at 4–13. The Court addresses each in turn.

A. **The Court has jurisdiction to hear this habeas case.**

Federal Respondents contend that three provisions of 8 U.S.C. § 1252 divest the Court of jurisdiction to consider this habeas petition. Dkt. 9 at 6–7. These arguments are not persuasive.

First, they point to § 1252(g), under which "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *See id.* at 6. But as this Court explained in *Rodriguez Vazquez*, "both the Supreme Court and the Ninth Circuit have consistently recognized that section 1252(g)'s 'narrow' scope does not sweep in non-discretionary, purely legal questions" such as whether § 1225(b)(2) or § 1226(a) governs a noncitizen's detention. 802 F. Supp. 3d at 1312 (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)); *see also Ibarra-Perez v. United States*, 154 F.4th 989, 997 (9th Cir. 2025) ("From the beginning, we have been clear that § 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders.").

Second, Federal Respondents argue that § 1252(b)(9) prevents this Court from reviewing Mejia Lopez's claims to habeas relief because they raise "questions of law and fact . . . arising from" removal proceedings. Dkt. 9 at 6. Again, this Court considered and rejected a similar argument in *Rodriguez Vazquez*. 802 F. Supp. 3d at 1313–15. There, this Court explained that

"challenges to the interpretation of the INA's detention provisions are collateral to the removal process." *Id.* at 1314 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 291–95 (2018)).

Finally, Federal Respondents cite § 1252(e)(3), which limits "[j]udicial review of determinations under section 1225(b) of this title and its implementation" to certain actions in the U.S. District Court for the District of Columbia. Dkt. 9 at 6–7. The larger § 1252(e), within which subsection 1252(e)(3) is obviously contained, applies by its plain language to "[j]udicial review of orders under section 1225(b)(1)"—the expedited removal provisions. "Section 1252(e)(3), in short, limits jurisdiction over challenges to regulations implementing expedited-removal orders." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 666 (9th Cir. 2021). This case, which concerns the application of sections 1225(b)(2) and 1226(a) to Mejia Lopez's detention, "presents neither a challenge to a removal order nor a challenge to the statutory or regulatory system for expedited removal." *O.A. v. Trump*, 404 F. Supp. 3d 109, 141 (D.D.C. 2019). Section 1252(e)(3) is thus irrelevant here. *See id.*

**B.  Mejia Lopez is not required to exhaust futile administrative remedies.**

Next, Federal Respondents assert that habeas relief is not available to Mejia Lopez because he has failed to exhaust his administrative remedies by seeking a bond hearing from an IJ and appealing the IJ's ruling to the Board of Immigration Appeals ("BIA"). Dkt. 9 at 12–13. This Court has already rejected this argument in multiple habeas cases brought by similarly situated detainees and sees no reason to depart from its prior decisions. *See, e.g.*, *M.S.G. v. Hermosillo*, No. 2:25-CV-02308-TMC, 2025 WL 3294997, at *3 (W.D. Wash. Nov. 26, 2025); *Picazo Sanchez v. Hermosillo*, No. 2:25-CV-02288-TMC, 2025 WL 3294993, at *2 (W.D. Wash. Nov. 26, 2025); *Martinez Vasquez v. Hermosillo*, No. 2:25-CV-02282-TMC, 2025 WL 3280373, at *2 (W.D. Wash. Nov. 25, 2025).

As in prior cases, the Court agrees with Mejia Lopez that exhaustion is not necessary here in light of Respondents' and the BIA's consistent position that detainees in his position are subject to mandatory detention under § 1225(b)(2). *See* Dkt. 12 at 4–5. The Ninth Circuit has held that "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, *unless exhaustion is excused*." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (emphasis added) (discussing a petitioner who filed a habeas petition challenging an IJ's adverse bond ruling before appealing that ruling to the BIA). Exhaustion is excused here. The Tacoma Immigration Court has consistently refused to comply with the Court's declaratory judgment in *Rodriguez Vazquez*. *See Rodriguez Vazquez v. Hermosillo*, --- F. Supp. 3d ----, No. 3:25-CV-05240-TMC, 2026 WL 102461, at *2–3 (W.D. Wash. Jan. 14, 2026) (describing Respondents' noncompliance and their representations that the Court's declaratory judgment in *Rodriguez Vazquez* is an "advisory opinion"). Appeal to the BIA would be futile, as that body has already adopted Federal Respondents' position that the IJs lack jurisdiction to grant bond to any detainee who is charged with entering the United States without admission or parole. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Federal Respondents do not dispute that Mejia Lopez is currently subject to mandatory detention without the possibility of bond under § 1225(b)(2), consistent with agency-wide practice. *See* Dkt. 9 at 4–5. Mejia Lopez need not go through a futile exercise of requesting a bond hearing while still subject to unlawful mandatory detention in order to seek habeas relief. *See Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require" (quoting 28 U.S.C. § 2243)).

### C. As a member of the *Rodriguez Vazquez* Bond Denial Class, Mejia Lopez is entitled to a bond hearing.

The parties agree that Mejia Lopez entered the United States without inspection, was not apprehended on arrival, and is now detained at NWIPC. Dkt. 1 ¶¶ 12, 18; Dkt. 10 ¶¶ 3, 6; Dkt. 11-2 at 3 (stating that Mejia Lopez had "no prior Immigration History" before his November 2025 encounter with immigration officers). Federal Respondents do not argue that Mejia Lopez is subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. *See* Dkt. 9 at 4 (arguing that Mejia Lopez "is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)"); 8 U.S.C. § 1225(b)(2)(B)(ii) (clarifying that a noncitizen cannot be subject to detention under both subsections (b)(1) and (b)(2)(A)). In other words, Mejia Lopez is undisputedly a member of the *Rodriguez Vazquez* Bond Denial Class. For the same reasons, he is likely also a member of the *Maldonado Bautista* Bond Eligible Class. Having so concluded, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Mejia Lopez is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Mejia Lopez has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

In this case, providing Mejia Lopez with a bond hearing will both correct Respondents' unlawful application of § 1225(b)(2) to this Petitioner and cure any due process violation arising from the application of that incorrect statutory framework. Therefore, the Court does not consider the parties' due process arguments. *See* Dkt. 1 ¶¶ 57–62 (requesting a bond hearing as a remedy for Mejia Lopez's due process claim); Dkt. 9 at 7–12;[1] Dkt. 12 at 7–8.

---

[1] In any event, Federal Respondents' reliance on *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019) is misplaced. That case concerns due process claims arising from prolonged detention under § 1225, even when the petitioner is subject to mandatory detention under the statute's terms.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of receiving Petitioner Jose Luis Mejia Lopez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 6th day of February, 2026.

Tiffany M. Cartwright
United States District Judge